# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
BARBARA KURZMANN

### DEFENDANTS
HATBORO FEDERAL SAVINGS

**(b)** County of Residence of First Listed Plaintiff: Bucks
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Mansour Law, LLC
1101 W. Hamilton St., Ste. 205, Allentown, PA 18101
Tel: (610) 321-3538

Attorneys *(If Known)*
Semanoff, Ormsby, Greenberg & Torchia, LLC
2617 Huntingdon Pike, Huntingdon Valley, PA 19006
Tel: (215) 887-0200

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**

*PERSONAL INJURY*
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

*PERSONAL INJURY*
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

*PERSONAL PROPERTY*
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [x] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS**

*Habeas Corpus:*
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

*Other:*
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. § 12101

Brief description of cause:
ADA Retaliation and Interference

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE: 02/19/2021
SIGNATURE OF ATTORNEY OF RECORD: *William P. Mansour*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __604 Beverly Road, Southampton, PA 18966__

Address of Defendant: __221 S. York Road, Hatboro, PA 19040__

Place of Accident, Incident or Transaction: __Hatboro, Montgomery County, PA__

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? — Yes [ ] No [✓]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? — Yes [ ] No [✓]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? — Yes [ ] No [✓]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? — Yes [ ] No [✓]

I certify that, to my knowledge, the within case [ ] is / [X] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __02/19/2021__    _/s/ William P. Mansour_    __318833__
                        Attorney-at-Law / Pro Se Plaintiff    Attorney I.D. # (if applicable)

**CIVIL: (Place a √ in one category only)**

A.  *Federal Question Cases:*
1. [ ] Indemnity Contract, Marine Contract, and All Other Contracts
2. [ ] FELA
3. [ ] Jones Act-Personal Injury
4. [ ] Antitrust
5. [ ] Patent
6. [ ] Labor-Management Relations
7. [✓] Civil Rights
8. [ ] Habeas Corpus
9. [ ] Securities Act(s) Cases
10. [ ] Social Security Review Cases
11. [ ] All other Federal Question Cases
    *(Please specify):* _____

B.  *Diversity Jurisdiction Cases:*
1. [ ] Insurance Contract and Other Contracts
2. [ ] Airplane Personal Injury
3. [ ] Assault, Defamation
4. [ ] Marine Personal Injury
5. [ ] Motor Vehicle Personal Injury
6. [ ] Other Personal Injury *(Please specify):* _____
7. [ ] Products Liability
8. [ ] Products Liability – Asbestos
9. [ ] All other Diversity Cases
   *(Please specify):* _____

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __William P. Mansour__, counsel of record *or* pro se plaintiff, do hereby certify:

[✓] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: __02/19/2021__    _/s/ William P. Mansour_    __318833__
                        Attorney-at-Law / Pro Se Plaintiff    Attorney I.D. # (if applicable)

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Barbara Kurzmann | : | CIVIL ACTION |
| v. | : | |
| Hatboro Federal Savings | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.        ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.        ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.        ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.        ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court.  (See reverse side of this form for a detailed explanation of special management cases.)        ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.        (X)

| 02/19/2021 | William P. Mansour | Barbara Kurzmann |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (610) 321-3538 | (610) 798-1345 | wpm@themansourfirm.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| BARBARA KURZMANN, | ) |
| Plaintiff, | ) No. _____ |
| v. | ) |
| HATBORO FEDERAL SAVINGS, | ) CIVIL ACTION – LAW |
| Defendant. | ) |

**COMPLAINT**

NOW COMES, Plaintiff BARBARA KURZMANN ("Plaintiff"), by and through her undersigned counsel, who hereby complains against Defendant HATBORO FEDERAL SAVINGS ("Defendant") as follows:

**INTRODUCTION**

1. This employment retaliation and interference action arises under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.* ("ADA"). Specifically, as set forth in more detail herein, Plaintiff alleges that Defendant interfered with the exercise of her ADA rights and discharged her in retaliation for making a good-faith complaint of unlawful conduct under the ADA.

**PARTIES**

2. Plaintiff is an adult individual currently residing in Southampton, Bucks County, Pennsylvania.

3. Defendant is a community bank organized and existing under the laws of the Commonwealth of Pennsylvania. Defendant's principal place of business is located 221 S. York Road, Hatboro, PA 19040. Defendant employed at least 15 employees in each of at least 20 working weeks in 2016 and 2017.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 because this action arises under the laws of the United States.

2. Venue in this district is proper under 28 U.S.C. § 1391(b)(2) because the events giving rise to this action occurred within this district.

3. On March 13, 2017, Plaintiff timely filed a Charge of Discrimination against Defendant with the United States Equal Employment Opportunity Commission ("EEOC").

4. On December 9, 2020, EEOC issued Plaintiff a Notice of Right to Sue, a copy of which is attached hereto as **EXHIBIT A.** This action is being commenced within ninety (90) days of Plaintiff's receipt of that Notice.

## FACTUAL ALLEGATIONS

5. Defendant hired Plaintiff in 1998 as a Teller at its Hatboro, PA branch. In July 2007, Defendant promoted Plaintiff to Branch Manager at its Warminster, PA branch.

6. From that time up to and through Ms. Kurzmann's termination on August 17, 2016, Hatboro maintained a Leave Without Pay policy, which provided as follows:

> Leave without pay is subject to approval by the President. It is only granted in extraordinary circumstances. Please note that if any employee reaches a "no-pay" status and takes "no-pay" days off during the calendar year, without written permission of the President, disciplinary action up to and including immediate termination may be taken."

7. Beginning in February 2012 and continuing through her termination date, Plaintiff experienced numerous serious medical issues that required her to undergo several surgeries and other forms of medical treatment. In April 2014, for example, Plaintiff underwent a bone scan at Fox Chase Cancer Center. In June, July, and September 2015 and January, February, and July 2016, Plaintiff again received cancer-related medical treatment requiring her to use her paid time off ("PTO").

8.  In each instance, Defendant's CEO, Linda Roehner, made it a point to "remind" Plaintiff about Hatboro's Leave Without Pay policy outlined above, making it absolutely clear that if Plaintiff went over her allotted PTO days, she would be subject to disciplinary action, up to and including termination.

9.  In July 2016, Plaintiff notified Ms. Roehner that, following the results of an ultrasound, she would need to undergo another surgery in August 2016. During this verbal conversation, Ms. Roehner again made it a point to implicitly threaten Plaintiff with discipline in the event she took unpaid time off. "You know what happens with no-pay days," Ms. Roehner responded.

10. Out of fear of losing her job because she had exhausted all her paid time off, Plaintiff decided, in consultation with her treating physician, to put off the needed surgery.

11. On or about August 12, 2016, Ms. Roehner, Defendant's Vice President John Douglas, and Manager Suzanne Rush had a meeting with Plaintiff to place her on a probationary plan based on alleged performance deficiencies, most of which occurred many months or years earlier.

12. During this meeting, Plaintiff requested a meeting with Defendant's Board of Directors to discuss Defendant's illegal unpaid leave policy.

13. Ms. Roehner told Plaintiff to "take the weekend to think about it" and that they would have a follow-up meeting on Monday, August 15, 2016.

14. . On August 15, 2016, Plaintiff called Ms. Roehner and made a second request to meet with Defendant's Board of Directors. Plaintiff reminded Ms. Roehner that, under Defendant's Whistleblower Policy, she wanted to bring Defendant's unlawful unpaid leave policy to the Board's attention. Ms. Roehner asked, "Why would you want to bring this to the Board's attention and air our dirty laundry?" Plaintiff replied that she wanted to discuss the unpaid leave policy with the Board because she felt like Ms. Roehner was harassing her and threatening termination if she took unpaid time off to receive treatment for her serious medical conditions.

3

15. On August 16, 2016, during her lunch break, Plaintiff ran into one of Defendant's Board members, Franklin Jarrett, at a Tag & Title location. During their conversation, Plaintiff informed Mr. Jarrett that she was concerned about Defendant's discriminatory unpaid leave policy and was afraid she would get fired if she had to take unpaid leave to receive medical treatment. She stated that she feels bullied by Ms. Roehner anytime she mentions her need for time off to receive medical treatment. Further, as she did with Ms. Roehner, Plaintiff told Mr. Jarrett that she wanted a meeting with Defendant's Board to discuss the bank's unpaid leave policy.

16. On the morning of August 17, 2016, Plaintiff received a phone call requesting that she come to Ms. Roehner's office. When she arrived, Ms. Roehner and Mr. Douglas were there waiting for her. They were both visibly angry.

17. Ms. Roehner told Plaintiff that she had received a call from Mr. Jarrett in which he relayed to her the substance of Plaintiff's conversation with him. Plaintiff confirmed her conversation with Mr. Jarrett, reiterated her desire to meet with the Board, and stated that she was tired of being threatened with termination if she needed to take time off to receive medical treatment.

18. During this conversation, Plaintiff further complained about Ms. Roehner's treatment of Kathy Malonowski, a deaf bank teller, and her constant harassment of Ms. Malonowski over her hearing difficulties. When Plaintiff was done speaking, Ms. Roehner quickly responded: "We no longer need your services." With that, Plaintiff was terminated from her position with Defendant.

19. On March 13, 2017, Plaintiff filed a Charge of Discrimination with the EEOC.

20. After an exhaustive investigation, the EEOC entered into a Settlement Agreement with Defendant relative to Plaintiff's Charge. Plaintiff was not a party to this Settlement Agreement and said agreement did not affect Plaintiff's right to bring this action. ***See* EXHIBIT B.**

21. As part of its Settlement Agreement with the EEOC, Defendant agreed to revise the "Leave Without Pay" and "Leave of Absence" sections of its company handbook "to address protections under the American's with Disabilities Act of 1990, as amended." *See* **Ex. B, p. 3.**

22. The Settlement Agreement also required Defendant to revise the "Americans with Disabilities Act" section of its company handbook to "include language that addresses its anti-retaliation policy[,] which again covers requests for accommodations. Respondent will also revise the reasonable accommodation section to include further language addressing undue hardship and the interactive process." *See* **Ex. B, p. 3.**

23. Finally, the Settlement Agreement also required Defendant to revise the "Attendance and Punctuality" section of its company handbook to "include language that addresses attendance and punctuality issues with respect to disabilities as defined by the Americans with Disabilities Act of 1990, as amended." *See* **Ex. B, p. 3.**

## COUNT I
### RETALIATION IN VIOLATION OF 42 U.S.C. § 12203(a), THE AMERICANS WITH DISABILITIES ACT

24. Plaintiff incorporates by reference all preceding allegations as if same were set forth more fully at length herein.

25. On August 12, 2016, Plaintiff made a good-faith complaint to Ms. Roehner, Mr. Douglas, and Ms. Rush about what she perceived to be Defendant's illegal and discriminatory "Leave Without Pay" policy and requested a meeting with Defendant's Board of Directors to discuss that policy.

26. On August 15, 2016, Plaintiff made a second good-faith complaint to Ms. Roehner about Defendant's illegal and discriminatory "Leave Without Pay" policy and, again, requested a meeting with Defendant's Board of Directors to discuss that policy.

27. On August 16, 2016, Plaintiff made a third good-faith complaint to Mr. Jarrett, one of Defendant's Board members, about what she perceived to be Defendant's illegal and

discriminatory "Leave Without Pay" policy and Ms. Roehner's enforcement of that policy. She again requested a meeting with Defendant's Board of Directors to discuss that policy.

28. On August 17, 2016, within days of making these good-faith complaints to Ms. Roehner, Mr. Douglas, Ms. Rush, and Mr. Jarrett, Defendant, by and through the actions of Ms. Roehner, discharged Plaintiff from her employment.

29. Ms. Roehner discharged Plaintiff without providing any stated reasons and without any intervening events between August 12, 2016 and August 16, 2016 that would justify her discharge.

30. Defendant, by and through the actions of Ms. Roehner, discharged Plaintiff in retaliation for her good-faith complaints about Defendant's "Leave Without Pay" policy to Mr. Roehner, Mr. Douglas, Ms. Rush, and Mr. Jarrett.

31. As a direct and proximate result of her retaliatory discharge, Plaintiff suffered past and future lost wages and loss of earning capacity.

32. As a direct and proximate result of her retaliatory discharge, Plaintiff suffered severe emotional distress, mental anguish, embarrassment, and financial insecurity.

33. By retaliating against Plaintiff for making good-faith complaints about Defendant's illegal and discriminatory "Leave Without Pay" policy, Defendant intentionally or recklessly violated Plaintiff's federal statutory rights.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against Defendant and award the following relief:

    a. All back pay from the date of termination through the date of judgment, plus pre- and post-judgment interest;

    b. Front pay from the date of judgment through a date deemed equitable and just by the court;

    c. Compensatory damages in an amount to be determined by a jury;

    d. Punitive damages in an amount to be determined by a jury;

  e.  All costs and reasonable attorney's fees; and

  f.  Any other relief deemed proper and just.

**COUNT II**
**INTERFERENCE, THREATENING, AND INTIMIDATION IN VIOLATION OF 42 U.S.C. § 12203(b), THE AMERICANS WITH DISABILITIES ACT**

34. Plaintiff incorporates by reference all preceding allegations as if same were set forth more fully at length herein.

35. On numerous occasions, as outlined above, Ms. Roehner expressly and impliedly threatened Plaintiff with discipline, up to and including termination, in the event she took unpaid leave to treat her medical conditions.

36. In particular, in July 2016, Plaintiff notified Ms. Roehner of her need to take unpaid leave to undergo a necessary surgery in August 2016. This was a lawful request for a reasonable accommodation under the ADA.

37. Ms. Roehner intimidated Plaintiff and impliedly threatened her with discipline if she took unpaid leave for such surgery by telling Plaintiff "you know what happens with no-pay days."

38. As a direct and proximate result of Ms. Roehner's interference, threats, and intimidation, Plaintiff did, in fact, delay her needed surgery. This caused Plaintiff additional fear and stress because her serious medical condition would remain unaddressed.

39. As a direct and proximate result of Defendant's interference, threats, and intimidation, Plaintiff suffered severe emotional distress, mental anguish, embarrassment, and financial insecurity.

40. By intimidating, threatening, and interfering with Plaintiff's exercise and enjoyment of her right to a reasonable accommodation, Defendant intentionally or recklessly violated Plaintiff's federal statutory rights.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against Defendant and award the following relief:

    a.    Compensatory damages in an amount to be determined by a jury;

    b.    Punitive damages in an amount to be determined by a jury;

    c.    All costs and reasonable attorney's fees; and

    d.    Any other relief deemed proper and just.

## DEMAND FOR JURY TRIAL

**PLEASE TAKE NOTICE** that Plaintiff BARBARA KURZMANN demands a trial by jury for all claims so triable.

*Respectfully Submitted*,

**MANSOUR LAW, LLC**

Date: February 19, 2021    BY:    */s/ William P. Mansour*
William P. Mansour, Esquire
Pa. Attorney ID No. 318833
**Mansour Law, LLC**
1101 W. Hamilton St., Ste. 205
Allentown, PA 18101
Tel: (610) 321-3538
Fax: (610) 798-1345
Email: wpm@themansourfirm.com

Attorney for Plaintiff Barbara Kurzmann