#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BARBARA KURZMANN, | ) ) | |
| Plaintiff, | ) ) | No. 2:21-cv-00766-KSM |
| v. | ) ) ) | |
| HATBORO FEDERAL SAVINGS, | ) ) | CIVIL ACTION – LAW |
| Defendant. | ) ) | |

**STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF
PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

NOW COMES, Plaintiff Barbara Kurzmann, by and through her undersigned counsel, who, in support of her motion for partial summary judgment, hereby submits the following statement of undisputed facts.

1. Plaintiff asserted in Count I of her complaint a cause of action for retaliatory discharge under the ADA. **Doc. 1, ¶¶ 24-33.**

2. In its Answer and Amended Answer to Plaintiff's Complaint, Defendant alleged, as its Sixth Affirmative Defense, that "Plaintiff has failed to mitigate her alleged damages." **Doc. 7-8, p. 5, ¶ 6.**

3. At the time of her discharge from Defendant on August 17, 2016, Plaintiff was employed by Defendant as the Branch Manager of Defendant's Warminster branch. **Doc. 1, ¶ 5; Doc. 7, ¶ 5; Doc. 8, ¶ 5.**

4. During the discovery period, Defendant did not produce any documentary or testimonial evidence that jobs with virtually identical promotional opportunities, compensation, job responsibilities, and status as Plaintiff's prior Branch Manager position were available to Plaintiff between August 17, 2016 and the present.

5. Defendant produced an opening report from a purported vocational and wage loss expert, John W. Dieckman, dated September 14, 2021. **Ex. A – 09/14/2021 Report of John W. Dieckman, MS, CRC, CDCMS.**

6. Defendant also produced a rebuttal report from Mr. Dieckman dated November 22, 2021. **Ex. B – 11/22/2021 Report of John W. Dieckman, MS, CRC, CDCMS.**

7. Neither of Mr. Dieckman's reports contains any evidence that jobs with virtually identical promotional opportunities, compensation, job responsibilities, and status as Plaintiff's prior Branch Manager position were available to Plaintiff between August 17, 2016 and the present. *See generally* **Ex. A and B.**

8. Since her discharge from Defendant on August 17, 2016, Plaintiff held the following jobs: (1) a full-time Teller at Univest Bank from March 2017 to November 2017; (2) a part-time Cashier at Giant Food Stores, LLC from June 2018 to April 2019; (3) a part-time Receptionist at Willow Landscaping, Inc. from June 2018 to March 2019; and (4) a part-time Administrative Assistant at Toto Financial from April 2019 to September 2019. **Ex. C – Deposition of Barbara Kurzmann, 224:7-14; 230:7-16; 236:7-240:9; Ex. D – Resume of Barbara Kurzmann (Kurzmann 0645-0647).**

9. Since December 2019, Plaintiff has sought job opportunities online through Indeed and has taken classes at CareerLink. Plaintiff continues to seek out job opportunities through Indeed as of August 2, 2021. **Ex. E – Deposition of Barbara Kurzmann, 225:10-17.**

10. In 2020, Plaintiff applied for multiple jobs, but had a difficult time finding job opportunities due to the COVID-19 pandemic. In 2021, Plaintiff applied for approximately six (6) jobs, including a receptionist at a veterinarian's office, a position with Wesley's Enhanced Nursing, and a couple work-from-home and customer service positions. **Ex. F – Deposition of Barbara Kurzmann, 225:18-226:14; 228:3-19; 229:7-17; 230:1-6.**

11. In addition, Plaintiff underwent numerous employment assessments and skill tests through Indeed between October 2019 and March 2020 to determine whether she had the skills to succeed in certain positions, such as customer service, administrative assistant, and law firm intake specialist. **Ex. D, Kurzmann 0646-0647.**

*Respectfully Submitted,*

**MANSOUR LAW, LLC**

Date: January 4, 2022         BY:     */s/ William P. Mansour*
William P. Mansour, Esq.
Atty ID No. 318833
1101 W. Hamilton Street, Suite 205
Allentown, PA 18101
Tel: (610) 321-3538
Fax: (610) 798-1345
Email: wpm@themansourfirm.com

*Attorney for Plaintiff Barbara Kurzmann*